UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PRISCILLA SIMMONS, )
    Plaintiff, )
) No. 3:11-CV-303
) (VARLAN/GUYTON)
v. )
)
AMER. APARTMENT MGMT. CO. INC., )
    Defendant. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge [Doc. 21].

Now before the Court is Defendant's Motion to Dismiss Complaint or Alternatively for Award of Sanctions for Plaintiff's Failure to Give Deposition [Doc. 17]. In his Order referring this Motion to the undersigned, the District Judge ruled that the Defendant's request for dismissal was not well-taken. Thus, the remaining issue before the Court is the Defendant's request for sanctions.

Defendant moves the Court to order the Plaintiff to pay:

1. Expenses related to Terry Elliott, Defendant's Director of Operations and Plaintiff's supervisor, to travel to Knoxville to attend the deposition in the amount of $405.14;

2. Court reporter expenses in the amount of $107.90; and

3. Attorney's fees related to this matter in the amount of $775.50, related to (1) attendance at the scheduled deposition waiting for Plaintiff to appear in the amount of $117.50 (representing only the 30 minutes between the scheduled deposition time and when the court reporter certified Plaintiff's non-appearance),

and (2) $658.00 related to the preparation of this motion (representing 2.8 hours of attorney time).

[Doc. 17 at 6-7]. The expenses requested by the Defendant total $1,288.54.

The Court has considered the Defendant's request for relief. The Court finds that the requst **[Doc. 17]** is well-taken, and it is **GRANTED**. The Court finds that, given Plaintiff's status as a *pro se* Plaintiff, it is appropriate to afford her a degree of latitude in this litigation. See Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999). Nonetheless, a "*pro se* litigant may not flagrantly ignore relevant procedural or substantive rules of law." Baldwin v. United Nations Sec. Council, 2012 WL 529554 (S.D. Ohio Feb. 17, 2012).

In this case, the Plaintiff was given a more than reasonable opportunity to comply with her discovery obligations. The Defendant agreed to the Plaintiff's request to reschedule her deposition. Thereafter, when the Defendant undertook patient and reasonable efforts to reset a new deposition date, the Plaintiff did not cooperate. When the Plaintiff's deposition was properly noticed for February 11, 2013, she simply failed to appear. She gave no communication to the Defendant that she would not appear for the deposition.

The Court does not expect a *pro se* Plaintiff to prosecute her case with the same level of skill and knowledge of the Federal Rules of Civil Procedure as a licensed attorney. However, the Court does expect a *pro se* litigant to meet at least a fair and reasonable standard of diligence, cooperation, and responsibility. The Plaintiff in this case did not meet this standard with regard to her February 11, 2013 deposition. The Court finds that monetary sanctions are appropriate, and that the sanctions requested by the Defendant are reasonable and well-supported.

The Plaintiff's deposition has been reset to commence at **9:30 a.m. on September 17, 2013**. [See Doc. 23]. The Plaintiff **SHALL** appear and sit for her deposition at that time. If

Plaintiff does not appear for and give her deposition, the undersigned will **AWARD** additional monetary sanctions based upon her second failure to appear. See Fed. R. Civ. P. 37(d)(1). Moreover, the Court will almost certainly recommend that this case be **DISMISSED** as a sanction for Plaintiff's failure to comply with her discovery obligations and her failure to comply with the instant Memorandum and Order. See Fed. R. Civ. P. 37(b), (d).

The Court **ORDERS** Plaintiff to pay Defendant American Apartment Management Co. sanctions in the amount of **$1,288.54**, on or before **October 28, 2013**.

**IT IS SO ORDERED.**

ENTER:

/s H. Bruce Guyton
United States Magistrate Judge